UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DANIEL G. GREGORICH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number: 3:19-CV-545 RLM-MGG |
| ) | |
| TYSON FOODS, INC. as owner of ) | |
| TYSON FRESH MEATS, INC. ) | |
| ) | |
| Defendant. ) | |

OPINION AND ORDER

Daniel G. Gregorich filed a complaint in Indiana state court alleging that Tyson Fresh Meats, Inc. breached his employment contract, breached the covenant of good-faith and fair dealing, and fired him in violation of public policy. Tyson Fresh Meats removed the case to federal court based on diversity of citizenship jurisdiction, then moved to dismiss all three causes of action under Federal Rule of Civil Procedure 12(b)(6). Tyson Fresh Meats attached several exhibits to the motion to dismiss. Mr. Gregorich didn't respond to the motion to dismiss. Because the attached exhibits were matters outside of the pleadings and didn't fall under the exception that allows the court to consider exhibits in a motion to dismiss, the court converted the motion to dismiss into a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d). The court afforded Mr. Gregorich an opportunity to respond to the converted motion for summary judgement, but Mr. Gregorich didn't file a response or supporting evidentiary material.

1

I.     Background

Daniel G. Gregorich worked for Tyson Fresh Meats from October of 2007 to December of 2018. Mr. Gregorich says he received positive annual reviews during his employment. In December 2018, an employee complained that Mr. Gregorich had harassed the employee through text and Facebook messages. Mr. Gregorich discussed the complaint with the Human Resources Director and various managers. He was told that the offense wasn't termination level, but that he would forfeit his upcoming bonus and receive a short suspension. The complaining employee said she wasn't happy with Gregorich's punishment. Tyson Fresh Meats later terminated Mr. Gregorich.

Federal authority to hear the case is based on the parties' diverse citizenship (Mr. Gregorich is an Indiana citizen and the corporate defendants are citizens of Arkansas and Delaware), 28 U.S.C. § 1332(c), so Indiana law provides the rule of decision.

II.    Standard of Review

Summary judgment is appropriate when the pleadings, discovery materials, disclosures, and affidavits demonstrate no genuine issue of material fact, such that the movant is entitled to judgment as a matter of law. Protective Life Ins. Co. v. Hansen, 632 F.3d 388, 391-92 (7th Cir. 2011). The court must construe the evidence and all inferences that reasonably can be drawn from the evidence in the light most favorable to Mr. Gregorich, the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). But inferences cannot be based only on "speculation or conjecture," Herzog v. Graphic Packaging Int'l

Inc., 742 F.3d 802, 806 (7th Cir 2014); Tubergen v. St. Vincent Hosp. & Health Care Ctr., Inc., 517 F.3d 470, 473 (7th Cir. 2008), and "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original); *see also* Dawson v. Brown, 803 F.3d 829, 833 (7th Cir. 2015). "[T]he requirement is that there be no genuine issue of material fact." Id. "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." Egonmwan v. Cook County Sheriff's Dept., 602 F.3d 845, 849 (7th Cir. 2010) (quotation marks omitted). The plaintiff "retains the burden of producing enough evidence to support a reasonable jury verdict in his favor." Lawrence v. Kenosha County, 391 F.3d 837, 842 (7th Cir. 2004). When the adverse party does not respond, summary judgment, if appropriate, shall be entered against the adverse party. Fed. R. Civ. P. 56(e).

### A. Breach of contract

Mr. Gregorich asserts in his complaint that Tyson Fresh Meats breached its employment contract with him when it terminated him after allegations that he sexually harassed an employee. A plaintiff claiming breach of contract must prove the existence of a contract, the defendant's breach of that contract, and damages resulting from the breach. Haegert v. Univ. of Evansville, 977 N.E.2d 924, 937 (Ind. 2012).

Indiana follows the doctrine of employment at-will in which employment may be terminated by either party, with or without reason. Wior v. Anchor Indus., Inc., 669 N.E.2d 172, 175 (Ind. 1996). Indiana applies a strong presumption that employment is at-will. Ogden v. Robertson, 962 N.E.2d 134, 145 (Ind. Ct. App. 2012). To convert at-will employment to employment which may be terminated only for good cause, an employee must give adequate independent consideration for an employment contract. Speckman v. City of Indianapolis, 540 N.E.2d 1189, 1192 (Ind. 1989). Adequate independent consideration is provided when the employer is aware that the employee had a position with assured permanency and the employee accepted the new position only after receiving assurances guaranteeing similar permanency, or when the employee entered into a settlement agreement releasing the employer from liability on an employment related claim against the employer. Orr. v. Westminster Village N., Inc., 689 N.E.2d 712, 717 (Ind. 1997).

There is no evidence in the record from which the court can infer that Mr. Gregorich had an employment contract with Tyson Fresh Meats. Mr. Gregorich asserts in his complaint that he had an employment contract which was "part[l]y written, partly oral, and partly implied." Mr. Gregorich provided neither the contract nor an affidavit that supported its existence. Since Mr. Gregorich's complaint is not evidence, *see* Orr. v. Westminster Village N., Inc., 689 N.E.2d 712, 717 (Ind. 1997), there isn't evidence before the court of a contract to terminate Mr. Gregorich only for cause.

4

Mr. Gregorich has also provided no evidence that he gave adequate independent consideration for an employment contract. Mr. Gregorich has neither alleged nor provided evidence of any consideration, much less adequate independent consideration, which would support an employment contract to remove him from at-will employment. Mr. Gregorich hasn't demonstrated a genuine issue of material fact, so summary judgment is appropriate on the breach of contract claim.

### B. *Breach of covenant of good faith and fair dealings*

Mr. Gregorich alleges that Tyson Fresh Meats breached the covenant of good faith and fair dealings by terminating him in bad faith, refusing to abide by its policies, denying the existence of an employment contract, and terminating his employment for false reasons. Indiana recognizes an implied covenant of good faith and fair dealings in limited circumstances involving employment and insurance contracts. Allison v. Union Hosp., Inc., 883 N.E.2d 113, 123 (Ind. Ct. App. 2008). Indiana courts have rejected the contention that an employer owes a duty of good faith and fair dealing to an employee at will. Hamblen v. Danners, Inc., 478 N.E.2d 926, 929 (Ind. Ct. App. 1985); Mehling v. Dubois Cty. Farm Bureau Coop. Ass'n, 601 N.E.2d 5, 9 (Ind. Ct. App. 1992). Since Mr. Gregorich has provided no evidence that his employment wasn't at-will, the summary judgment is appropriate for the breach of the covenant of good faith and fair dealings claim.

C. *Termination in violation of public policy*

Indiana appellate courts only recognize claims for retaliatory discharge in violation of public policy in instances where the claim is grounded on clear statutory language or when a plaintiff is terminated for refusing to violate a legal obligation that carries penal consequences. Meyers v. Meyers, 861 N.E.2d 704, 707 (Ind. 2007); *see also* Perkins v. Mem'l Hosp. of S. Bend, 121 N.E.3d 1089, 1094 (Ind. Ct. App. 2019)("Absent the exercise of a statutory right or duty, the public policy exception does not apply.").

Mr. Gregorich alleges that his termination violated public policy, but doesn't allege or provide evidence that he was terminated for exercising a statutory right or refusing to violate a legal obligation that carries penal consequences. Summary judgment is appropriate for Mr. Gregorich's claim that he was terminated in violation of public policy.

III. Conclusion

Accordingly, the court GRANTS Tyson Fresh Meat's motion for summary judgment [Doc. No. 9] and vacates the hearing scheduled for February 11, 2020. The plaintiff shall have to and including February 12, 2020 to respond to Tyson Fresh Meat's motion for sanctions [Doc. No. 15].

SO ORDERED.

ENTERED: <u>  January 29, 2020  </u>

<u>  /s/ Robert L. Miller, Jr.  </u>
Judge, United States District Court