UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DANIEL G. GREGORICH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number: 3:19-CV-545 RLM-MGG |
| | ) | |
| TYSON FOODS, INC. as owner of TYSON FRESH MEATS, INC. | ) ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

Tyson Fresh Meats asks the court to award attorneys' fees pursuant to Ind. Code § 34-52-1-1(b), 28 U.S.C. §1927, or the court's inherent power. Mr. Gregorich sued Tyson Fresh Meats in Cass County Superior Court, alleging that Tyson Fresh Meats, Inc. breached his employment contract, breached the covenant of good-faith and fair dealing, and fired him in violation of public policy. Tyson Fresh Meats removed the case to federal court based on diversity of citizenship jurisdiction, then moved to dismiss all three causes of action under Federal Rule of Civil Procedure 12(b)(6). Mr. Gregorich didn't respond to the motion to dismiss. Because Tyson Fresh Meats attached exhibits that were outside of the pleading to its motion to dismiss, the court converted it into a motion for summary judgment. Mr. Gregorich didn't respond to the motion for summary judgment, and the court granted summary judgement on all counts.

1

I.   DISCUSSION

*A. Indiana Code § 34-52-1-1(b)*

Since this case was filed in state court before Tyson removed it to federal court, the court appraises Mr. Gregorich's pre-removal filing pursuant to Indiana Code § 34-52-1-1(b). *See* Dempsey v. JP Morgan Chase Bank, N.A., 272 F. App'x 499, 504 (7th Cir. 2008) (approving of the district court's determination that the claim was frivolous under the state court standards and awarding fees pursuant to Indiana Code § 34-52-1-1(b)). A court may award attorney's fees to the prevailing party if either party:

> (1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;
> (2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or
> (3) litigated the action in bad faith.

Ind. Code § 34-52-1-1(b). A claim or defense is unreasonable if, based on a totality of the circumstances, including the law and facts known at the time of the filing, no reasonable attorney would consider that the claim or defense was worthy of litigation or justified. Kahn v. Cundiff, 533 N.E.2d 164, 171 (Ind. Ct. App. 1989), aff'd, 543 N.E.2d 627 (Ind. 1989).Tyson argues that Mr. Gregorich's suit had no legal or factual support to start with, that Mr. Gregorich continued to litigate after the claims became clearly frivolous, and that his inaction after filing the case demonstrates that the case was filed in bad faith. Mr. Gregorich responded that, because Tyson had refused his request for documents relating to his employment, he had to file the suit to get those documents. He also argues

that Tyson's counsel acted unprofessionally when he demanded that Mr. Gregorich dismiss the case.

The court can't say that when Mr. Gregorich brought this action, his claim that Tyson Fresh Meats breached his employment contract or breached the covenant of good-faith and fair dealing was frivolous, unreasonable, or groundless; but the claim for termination in violation of public policy was frivolous at the time he brought it.

1. **Breach of employment contract and breached the covenant of good-faith and fair dealings**

The claims for breach of employment contract and breach of the covenant of good-faith and fair dealings weren't frivolous when brought. Mr. Gregorich could have understood the documents that he had signed in relation to his employment formed an employment contract. While his attorney should have understood that the documents didn't form an employment contract, Tyson didn't provide those documents to allow the attorney to make that decision until Tyson moved to dismiss. Under Indiana law, implied covenants of good faith and fair dealing apply to employment contracts. Coates v. Heat Wagons, Inc., 942 N.E.2d 905, 918 (Ind. Ct. App. 2011). Neither the claim for breach of employment contract or breach of covenant of good-faith and fair dealings was frivolous when brought.

2. **Termination in violation of public policy**

The claim for termination in violation of public policy was frivolous when brought. Indiana appellate courts only recognize claims for retaliatory discharge in violation of public policy when the claim is grounded on clear statutory

language or the plaintiff is terminated for refusing to violate a legal obligation that carries penal consequences. Meyers v. Meyers, 861 N.E.2d 704, 707 (Ind. 2007). Indiana appellate courts have repeatedly and steadfastly refused to extend the claim of retaliatory discharge to new situations. *See* Baker v. Tremco Inc., 917 N.E.2d 650 (Ind. 2009) and Perkins v. Mem'l Hosp. of S. Bend, 121 N.E.3d 1089, 1094 (Ind. Ct. App. 2019). Mr. Gregorich's claim for termination in violation of public policy rests entirely on Tyson's alleged breach of the employment contract. Based on the law and the facts at the time, no reasonable lawyer would have considered that the claim was worthy of litigation or justified. Kahn v. Cundiff, 533 N.E.2d at 171.

   *B. 28 U.S.C. § 1927*

   Tyson also argues that Mr. David, Mr. Gregorich's attorney, can be held personally liable under 28 U.S.C. §1927. Section 1927 provides that

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. §1927. If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious. In re TCI, Ltd., 769 F.2d 441, 445 (7th Cir. 1985). Moreover, "assessment of fees under § 1927 may [also] be appropriate in other situations, [involving] improper procedural conduct." Knorr Brake Corp. v. Harbil, Inc., 738 F.2d 223, 226 n.1. (7th Cir. 1984). A reasonably careful attorney could have known that it would be objectively unreasonable to fail to

file a response to either the motion to dismiss or to the converted motion for summary judgment. If Mr. David believed there was a reasonable basis to maintain the claims, he should have defended against the motion to dismiss and the converted motion for summary judgment. If he believed there wasn't a reasonable basis to maintain the claims, he should have sought to dismiss the case or accepted the later stipulation of dismissal proffered by Tyson's counsel. Instead, Mr. David took no action and required the court and Tyson to expend additional resources to resolve the case that he had apparently abandoned. Tyson is entitled to costs incurred after Mr. David's deadline to respond to the motion to dismiss.

*C. The court's inherent power*

Any award under the court's inherent power to sanction conduct that abuses the judicial process would be duplicative.

## II.   CONCLUSION

Accordingly, the court GRANTS Tyson's motion for attorney's fees [Doc. No. 15]. The court orders Tyson Fresh Meats to submit an itemized and verified statement of attorney fees within fourteen days of this order. Any objection must be filed within seven days of Tyson Fresh Meats' statement of attorney fees.

SO ORDERED.

ENTERED:   July 7, 2020

/s/ Robert L. Miller, Jr.
Judge, United States District Court